UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
HARRY BROWN,

                              Plaintiff,

-against-

MTA NEW YORK CITY TRANSIT,

                              Defendants.
------------------------------------------------------------------- x

MEMORANDUM,
ORDER AND
JUDGMENT

06-CV-6857 (JBW)

JACK B. WEINSTEIN, Senior District Judge:

I.     **Facts and Procedural History**

Mr. Brown's complaint was filed December 27, 2006, alleging employment discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12112-17, by the New York City Transit Authority (NYCTA) after he was injured in an automobile accident on January 4, 2005. Plaintiff's complaint describes his disability as an impairment of walking and standing resulting from the accident, as well as psychiatric monitoring.

Mr. Brown was previously represented by pro bono counsel, but that attorney's request to be relieved was granted by the magistrate judge. Mr. Brown proceeds *pro se*.

Prior to filing his complaint, the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). The complaint indicates that in September 2006 the EEOC presented a proposed settlement from the NYCTA, which Mr. Brown refused.

At a status conference with the magistrate judge in June 2007, the NYCTA offered a settlement in which they would rehire Mr. Brown, if he was medically qualified, for a position as a cleaner at the same pay he had earned previously. Mr. Brown was formerly employed as a

1



tower operator, apparently requiring the climbing of ladders. He had worked for the NYCTA for twenty-one and a half years.

In October and November 2007 Mr. Brown twice failed to appear for his scheduled deposition. The defendant asked that the complaint be dismissed. He was eventually deposed after the court ordered that the plaintiff appear for his deposition in January 2008 and warned him that the case would be dismissed for failure to prosecute should he not appear.

After indicating its intention to file a summary judgment motion and proposing a briefing schedule (which was extended once at NYCTA's request), the NYCTA filed its summary judgment motion on April 20, 2008. Pursuant to Local Rule 56.2, the NYCTA provided Mr. Brown a notice to *pro se* litigant explaining that if he failed to respond, the court could accept defendant's factual assertions as true and enter judgment without a trial. The motion papers were served on Mr. Brown by mail at the address listed on the complaint and on the court's docket sheet.

The plaintiff has not responded. He has failed to appear for a hearing on the summary judgment motion scheduled for October 14, 2008.

## II. Law

### A. Failure to Prosecute

Fed. R. Civ. P. 56(e)(2) states: "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 41(b)

2

states that dismissal may be ordered "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."

### B.     Disability Discrimination Claim

To make out a claim for employment discrimination under the ADA, Mr. Brown would first have to show that he has a physical or mental impairment that substantially limits one or more major life activities, has a record of such an impairment, or is regarded as having such an impairment. 29 C.F.R. § 1630.2(g). Major life activities include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). To be considered substantially limited in the major life activity of working, an individual must be "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(i). Being precluded from a single, particular job is not enough. Exhaustion of administrative remedies is a requirement for employment discrimination actions under the ADA.

### C.     Reasonable Accommodations

If an individual is a qualified individual with a disability under the ADA, *see* 42 U.S.C. § 12111(8), an employer is prohibited from discriminating by failing to make reasonable accommodations. 42 U.S.C. § 12112(b)(5)(A). Examples of reasonable accommodations include: "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9)(B).

3

## III. Application of Law to Facts

### A. Failure to Prosecute

Mr. Brown failed to respond to the defendant's summary judgment motion and failed to appear in court on the scheduled date and time for a hearing on that motion. The defendant's Local Rule 56.2 notice advised the plaintiff that his case could be dismissed without a trial if he failed to respond to the motion. Dismissal is appropriate under Fed. R. Civ. P. 41(b) due to the plaintiff's failure to prosecute. The Court of Appeals for the Second Circuit has indicated a preference for resolution on summary judgment in cases of failure to prosecute by a *pro se* plaintiff at the summary judgment stage. *See LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206, 211 (2d Cir. 2001). The court rules on the defendant's summary judgment motion below, deeming the assertions of defendant's Rule 56.1 statement admitted by plaintiff through his failure to respond.

### B. Disability Discrimination Claim

Mr. Brown's EEOC claim appears sufficient to exhaust his administrative remedies for purposes of bringing suit under the ADA.

Viewing the evidence in the light most favorable to Mr. Brown, there may be a material issue of fact regarding whether Mr. Brown had a disability or was regarded as having a disability under the meaning of the ADA at the time of the alleged discrimination. *See* 29 C.F.R. § 1630.2(g).

Assuming that Mr. Brown was a qualified individual with a disability under the ADA, *see* 42 U.S.C. § 12111(8), his employer attempted to reasonably accommodate him. The NYCTA sent Mr. Brown a letter on November 14, 2005, stating that MTA's physician had determined he was permanently disabled from performing the duties of his job title. That letter also scheduled a

4

reclassification assessment, for which Mr. Brown did not appear. The NYCTA's attempts to evaluate his medical condition and reclassify him for another job title were reasonable efforts to accommodate his physical condition, considering that his physical condition might jeopardize public and his own safety. The ADA permits medical examinations and inquiries of employees if "shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A).

## IV. Conclusion

The failure to prosecute and the summary judgment motion are each independent grounds for dismissal. The case is dismissed.

If Mr. Brown seeks to reopen his case he may do so on a showing of good cause. The court has great respect for the plaintiff's years of hard work for the NYCTA. It has attempted to assist him through settlement endeavors of the magistrate judge and offering of psychiatric and other social services through the court's Eastern District Litigation Fund as well as by appointment of a pro bono lawyer. Plaintiff has rejected all such assistance. The court regrets that his intransigence has made it impossible for the court or the NYCTA to assist him.

A copy of this memorandum, order and judgment shall be mailed to plaintiff at his last known address. If he wishes to appeal to the Court of Appeals for the Second Circuit he must do so promptly. The *pro se* clerk in this court will assist him if he wishes assistance.

SO ORDERED.

Jack B. Weinstein
Senior District Judge, Eastern District of New York

Dated: October 16, 2008
Brooklyn, New York